UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID W LINDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00037-JPH-MJD |
| | ) |
| DEA ADMINISTRATOR, | ) |
| | ) |
| Defendant. | ) |

**ORDER SCREENING COMPLAINT**

**I.    Screening Standard**

Because Plaintiff David Linder is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b). Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

Mr. Linder appears to allege that the DEA has added and removed drugs from a drug schedule in a way that exceeded its promulgation authority. Dkt. 1 at 2–3. He seeks a declaratory judgment that the DEA published incorrect penalties related to drug scheduling, and an order requiring the DEA to publish a correction in the Federal Register. *Id.* at 2.

## III. Discussion of Claims

Mr. Linder appears to be challenging an underlying conviction or sentence. However, such a challenge is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars a civil judgment in a plaintiff's favor if that judgment would imply the invalidity of his conviction or sentence:

> In *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held (so far as relates to this case) that a person who has been convicted of a crime cannot seek damages or other relief under federal law (as in a suit under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)) for violation of his rights by officers who participated in the investigation or prosecution of the criminal charge, if 'a judgment in favor of the plaintiff [in the civil suit] would necessarily imply the invalidity of his conviction or sentence.'

*Hill v. Murphy*, 785 F.3d 242, 244 (7th Cir. 2015) (quoting *Heck*, 512 U.S. at 487).

It appears from Mr. Linder's complaint that he believes he was sentenced based on a misunderstanding of a drug schedule or according to a drug

2

schedule that was improperly promulgated. Dkt. 1 at 3. A judgment declaring such a schedule unlawful would thus imply that his sentence is invalid. *Cf. Ward v. Akpore*, 702 Fed. App'x 467, 468-69 (7th Cir. 2017).

Therefore, to proceed in this case, Mr. Linder must first show that he has successfully challenged his underlying conviction or sentence. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004). The complaint does not allege that he has done so. If Mr. Linder believes that his conviction or sentence is invalid, but he has not raised a successful challenge, he must raise his claim in a habeas action. *See id.* at 750-51.

To the extent that Mr. Linder is attempting to bring this claim on behalf of others, he does not have standing to do so. *See Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) ("[A] named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs . . . .").

Mr. Linder's complaint therefore must be dismissed. He **SHALL HAVE through May 4, 2020** to file an amended complaint or show cause why this case should not be dismissed. If Mr. Linder does not do so, the Court will dismiss this case without prejudice without further notice.

**SO ORDERED.**

Date: 3/19/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID W LINDER
25913-048
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

^ Date upper left         ^ Judge stamp upper left

4