UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DAVID W LINDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00037-JPH-MJD |
| | ) | |
| DEA ADMINISTRATOR, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING REQUEST TO PROCEED ON
APPEAL *IN FORMA PAUPERIS***

Plaintiff, David Linder, seeks leave to proceed on appeal without
prepaying the appellate fees.  Dkt. 25.  However, an appeal may not be taken *in
forma pauperis* if the trial court certifies that the appeal is not taken in "good
faith."  28 U.S.C. § 1915(a)(3).  "Good faith," in the context of § 1915(a)(3),
refers to the "more common legal meaning of the term, in which to sue in bad
faith means merely to sue on the basis of a frivolous claim."  *Lee v. Clinton*, 209
F.3d 1025, 1026 (7th Cir. 2000).  In other words, § 1915(a)(3)'s "good faith"
determination is not about the plaintiff's sincerity in requesting appellate
review.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  A sincere
litigant still lacks objective "good faith" under § 1915(a)(3) if his claim is one
that "no reasonable person could suppose to have any merit."  *Lee*, 209 F.3d at
1026.

Under this standard, Mr. Linder's request to appeal *in forma pauperis* is
denied.  The Court dismissed this case because any challenge to future

1

enforcement of the Controlled Substances Act against Mr. Linder was "'too speculative' to support his claim."  Dkt. 15 (quoting *United States v. Meza–Rodriguez*, 798 F.3d 664, 668 (7th Cir. 2015)).

There is no objectively reasonable argument that Mr. Linder has suffered "an actual or imminent injury."  Dkt. 15 at 1 (quoting *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).  Mr. Linder seeks "to clear the way" to possess substances that the Controlled Substances Act would otherwise prevent him from possessing.  *Id.* (quoting dkt. 14 at 3).  But he remains a prisoner and has not alleged facts showing that federal prosecution for possessing those substances is imminent—or showing anything more than "a merely speculative future" injury.  *Marshall*, 445 F.3d at 969–70; *Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998) ("Certainty is not required but a remote possibility won't do.").  Indeed, the Bureau of Prisons' inmate locator lists Mr. Linder's release date as "LIFE."  https://www.bop.gov/inmateloc/index.jsp (David William Linder, Register Number: 25913-048); *see United States v. Linder*, No. 05-4557, 200 Fed. Appx. 186 (4th Cir. 2006) (affirming Mr. Linder's convictions and sentences, including "a life sentence on the drug conspiracy count").  If that situation changes, this case's dismissal without prejudice, dkt. 16, will not prevent him from trying again.

There is no objectively reasonable argument that Mr. Linder's proposed appeal has merit, so this appeal is not taken in "good faith," and the motion for leave to proceed on appeal *in forma pauperis*, dkt. [25], is **DENIED.**

**SO ORDERED.**

2

Date: 1/8/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

DAVID W LINDER
25913-048
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808